No. 7065.

THE STATE EX REL. C. C. HALEY VS. THE JUDGE OF THE FOURTH COURT.

The execution of a judgment for a sum of money cannot be suspended by a rule upon the plaintiff in execution and the sheriff, to shew cause why certain judgments

De Blanc *vs.* Clay.

against the plaintiff, bought after the rendering of the judgment upon which execution issued, should not be received in compensation therefor.

A suspensive appeal from a judgment discharging such rule is not allowable.

For *Mandamus* and Prohibition.

*Livingston* for Relator.    *Louque* for Respondent.

MANNING, C. J.    A final judgment was rendered by this court, in the cause of Pinard *v.* George, against C. C. Haley, the surety to the appeal bond.    Our decree having been filed in the lower court, execution issued, and the property of the surety was seized.

He then took a rule on the plaintiff in execution and the sheriff, to shew cause why their process should not be arrested, on the ground that he had purchased certain judgments against the plaintiff in execution, and had been subrogated to the rights of these judgment creditors, and was entitled to compensate the decree of this court against himself by the judgments, of which he had thus become the owner.    The judge discharged the rule, and Haley prayed a suspensive appeal therefrom, which was refused, and this proceeding by *mandamus* was then had, accompanied by prohibition.

The judge of the lower court ruled correctly.    The execution of a judgment for a sum of money cannot be suspended by a rule, and a suspensive appeal from a judgment discharging such rule is not permissible.    State *v.* Judge, 9 Ann. 301.

The relator has mistaken his remedy.    He bases his right to an appeal on the doctrine that an appeal will lie from an interlocutory judgment which works an irreparable injury, and that such judgments are not required to be signed.

The judgment discharging the rule in this case is not within that category.

*Writs refused.*